Mack Staton, SBN 89277
Jared M. Katz, SBN 173388
Rafael Gonzalez, SBN 210202
**Mullen & Henzell L.L.P.**
112 East Victoria Street
Post Office Drawer 789
Santa Barbara, CA  93102-0789
Phone:  (805) 966-1501
Fax:  (805) 966-9204
*mstaton@mullenlaw.com*
*jkatz@mullenlaw.com*
*rgonzalez@mullenlaw.com*

James. S. Muller, SBN 126071
Law Offices of James S. Muller
225 E. Broadway, Suite 107F
Glendale, CA  91205
Phone:  (818) 536-7922
Fax:  (818) 536-7499
*jamesmullerlaw@att.net*

Attorneys for Plaintiff Shane Horton, by his guardian ad litem Yvonne Horton

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHANE HORTON,  by his guardian ad litem YVONNE HORTON,**<br><br>    **Plaintiffs,**<br><br>  v.<br><br>**CITY OF SANTA MARIA; SANTA MARIA POLICE DEPARTMENT; MARC SCHNEIDER; ANDREW BRICE; JEFFREY LOPEZ; ELIGIO LARA; DAVID CULVER; AND DOES 1-10, INCLUSIVE,**<br><br>    **Defendants** | **Case No.**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) 42 U.S.C. § 1983 – Violation of Civil Rights;**<br>**(2) 42 U.S.C. § 1983 – Policy, Custom and Practice;**<br>**(3) California Government Code § 845.6;**<br>**(4) Negligence.**<br><br>**DEMAND FOR JURY TRIAL** |

Shane Horton, by his guardian ad litem Yvonne Horton, hereby alleges as follows, pursuant to Rules 7 and 8(a) of the Federal Rules of Civil Procedure, and demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1 of the United States District Court for the Central District of California:

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

# I. **INTRODUCTION**

1.    This is a civil rights and negligence action brought under federal and state laws.  On December 29, 2012, Shane Horton, then only 18 years of age, attempted to commit suicide while being detained in jail by the Santa Maria Police Department ("SMPD").

2.    Notwithstanding being informed that Shane Horton was suicidal and depressed, had recently been committed to a mental health care facility, and required observation and safeguarding, and notwithstanding the additional fact that the SMPD promised Yvonne Horton that Shane Horton would be "safe" while in jail, the SMPD left Shane Horton in jail alone and unattended, failing to supervise him or take any steps to safe guard him from hurting himself.  The SMPD even failed to take his belt from Shane Horton, which he was wearing around his waist—and which proved to be a devastating error.

3.    While left by himself unattended in jail, Shane Horton tragically attempted to commit suicide.  In his jail cell, he hanged himself with his belt, which he tied around a bar on the door of his jail cell.  While he did so, he was in plain view on a video camera trained on his jail cell feeding to a monitor.

4.    The police video shows that Shane Horton hanged on his belt from the jail cell door, without ever being checked on, before he finally was discovered by the SMPD officers.  By that time, however, Shane Horton had suffered the permanent physical injuries and had become non-responsive.

5.    Following the suicide attempt, the SMPD apologized for the mistake to his mother Yvonne Horton.  Shane Horton is alive, but with permanently and seriously debilitating physical injuries, requiring continued and extensive medical care for the rest of his life.  But for the Defendants' failure to meet their legal duties, including but not limited to, determining Shane Horton's need for medical care, removing his belt, and properly monitoring him, Shane Horton would not have had the opportunity to hang himself.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

## II.  JURISDICTION AND VENUE

6.     Jurisdiction is conferred upon this court by 28 U.S.C. sections 1331 and 1343 and arises under 42 U.S.C. sections 1983 and 1988.  The state law claims for relief that are pleaded in addition to the federal claims for relief are within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. section 1367.

7.     The acts complained of occurred in Santa Barbara County, State of California, within the boundaries of the Central District of California.  Therefore, venue properly lies here pursuant to 28 U.S.C. section 1391.

## III.  THE PARTIES

### A.     Plaintiffs

8.     Plaintiff SHANE HORTON is, and at all times relevant herein was, an individual residing in the State of California.  Since December 29, 2012, he has been mentally incompetent, due to the physical injuries suffered as a result of the subject matter of this action, for the purposes of legal proceedings.

9.     Plaintiff YVONNE HORTON is the mother and guardian ad litem of Shane Horton with standing to bring this action.  Pursuant to California Code of Civil Procedure section 372, Yvonne Horton was appointed as guardian ad litem by Order of the Santa Barbara Superior Court signed by Judge James F. Rigali and entered on March 7, 2013.  Furthermore, Yvonne Horton has filed a guardian ad litem application with the United States District Court for the Central District of California concurrently with filing this Complaint.

### B.     Defendants

10.     Plaintiff is informed and believes that Defendants CITY OF SANTA MARIA ("CITY") and the SANTA MARIA POLICE DEPARTMENT ("SMPD") are, and at all times relevant herein were, public entities and municipal corporations duly organized and existing under and by virtue of the law of the State of California.

11.     Plaintiff is informed and believes that Defendant MARC

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

SCHNEIDER is, and at all times herein was, a resident of Santa Barbara County and a peace officer, sergeant, captain, lieutenant, detective, commander, sheriff, and/or civilian employee agent, policymaker, and representative of the CITY and the SMPD, as well as an employee, agent, and representative of said Defendants CITY and SMPD.  He is sued in his individual capacity.

12.    Plaintiff is informed and believes that Defendant ANDREW BRICE is, and at all times herein was, a resident of Santa Barbara County and a peace officer, sergeant, captain, lieutenant, detective, commander, sheriff, and/or civilian employee agent, policymaker, and representative of the CITY and the SMPD, as well as an employee, agent, and representative of said Defendants CITY and SMPD.  He is sued in his individual capacity.

13.    Plaintiff is informed and believes that Defendant JEFFREY LOPEZ is, and at all times herein was, a resident of Santa Barbara County and a peace officer, sergeant, captain, lieutenant, detective, commander, sheriff, and/or civilian employee agent, policymaker, and representative of the CITY and the SMPD, as well as an employee, agent, and representative of said Defendants CITY and SMPD.  He is sued in his individual capacity.

14.    Plaintiff is informed and believes that Defendant ELIGIO LARA  is, and at all times herein was, a resident of Santa Barbara County and a peace officer, sergeant, captain, lieutenant, detective, commander, sheriff, and/or civilian employee agent, policymaker, and representative of the CITY and the SMPD, as well as an employee, agent, and representative of said Defendants CITY and SMPD.  He is sued in his individual capacity.

15.    Plaintiff is informed and believes that Defendant DAVID CULVER is, and at all times herein was, a resident of Santa Barbara County and a peace officer, sergeant, captain, lieutenant, detective, commander, sheriff, and/or civilian employee agent, policymaker, and representative of the CITY and the SMPD, as well as an employee, agent, and representative of said Defendants

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1   CITY and SMPD.  He is sued in his individual capacity.

2   16.    At all times relevant hereto, Defendants MARC SCHNEIDER,

3   ANDREW BRICE, JEFFREY LOPEZ, ELIGIO LARA, and DAVID CULVER

4   were acting within the course and scope of their employment and agency and/or

5   under the color of law, which was incidental to Defendants the CITY and the

6   SMPD, and the wrongful acts herein described flow from the very exercise of

7   their authority and duties as employees and agents of the CITY and the SMPD.

8   They are sued in their individual and personal capacities.

9   17.    Plaintiffs do not know the true names of Defendants DOES 1-10,

10  inclusive, and therefore sues them by those fictitious names.  Defendant will

11  request leave to amend this Complaint at such time as the identities of such

12  persons become known to Plaintiffs.

**IV.**

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

15  18.    This Complaint is timely filed within two years of the date of the

16  incident.

17  19.    Pursuant to California Government Code section 910, on or about

18  June 19, 2013, Plaintiffs, in writing, duly presented to Defendants a timely Claim

19  for Damages.  The claim was not rejected in writing.  See Cal. Gov't Code §

20  945.6(a)(2).

**V.**

**GENERAL ALLEGATIONS**

**A.    Shane Horton's Suicidal Condition**

24  20.    Shane Horton was a pre-trial detainee who because of his mental

25  condition was suicidal and depressed, required immediate medical and/or mental

26  health care, and who presented a clear danger to himself.  Shane Horton required

27  observation and safeguarding in order to be prevented from injuring himself.

28  21.    Prior to the subject incident, in approximately December 2012,

-5-
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1  Shane Horton attempted to commit suicide and was committed to a mental health
2  care facility pursuant to California Health & Safety Code section 5150.

3  **B.   Arrest and Detention on December 29, 2012**

4      22.    On December 29, 2012, at Santa Maria, California, Plaintiff Shane
5  Horton was arrested by Defendants Andrew Brice and Marc Schneider and was
6  taken to a holding cell at the SMPD.

7  **C.   Cautionary Phone Calls with SMPD**

8      23.    While in the holding cell, Shane Horton was allowed a phone call by
9  the SMPD.  A phone call was placed to his mother, Yvonne Horton.  Shane Horton
10  spoke to his mother before handing the phone to an SMPD police officer who was
11  standing outside the cell.  Yvonne Horton expressed her concern about her son
12  Shane and advised the SMPD officer she needed to immediately talk to the officer
13  outside the presence of Shane Horton.   The SMPD officer agreed to and
14  immediately returned her call.

15      24.    The return call was made immediately to Yvonne Horton in which the
16  SMPD officer and Yvonne Horton had a discussion about Shane Horton's
17  condition.  Among other things, Yvonne Horton informed the SMPD that Shane
18  Horton recently attempted suicide and had been committed.  She said she was
19  concerned that Shane Horton would attempt to commit suicide while in jail at the
20  SMPD and asked that he be safeguarded from hurting himself.

21      25.    In response to her concerns, she was assured by the SMPD officer that
22  her son was "safe" while in jail at the SMPD.

23  **D.   Shane Horton Attempted Suicide While in Jail**

24      26.    While in his cell, Shane Horton removed his belt, strapped it around a
25  bar to the door of the cell, and hanged himself by sliding his head through the belt
26  loop and then sitting down on the floor.

27      27.    At the time of his attempted suicide, Shane Horton was in plain sight
28  and within view of security cameras.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

28.     Tragically, Shane Horton was left totally unattended and without supervision by Defendants.  Shane Horton hanged himself with his own belt in his jail cell before he was finally discovered by an SMPD officer. Among other things, Defendants failed to take any steps to remove dangerous items of clothing, to observe Shane Horton or to safeguard him from attempting to commit suicide or injuring himself.  Most conspicuously, Defendants failed to even take his belt from him while he was being held in the jail cell or to even check on him or the video monitor after being informed of the suicide risk.

**F.     Admissions of Fault by SMPD**

29.     On December 30, 2012, Shane Horton was being treated at Santa Maria Marion Medical Center in the intensive care unit, one day after attempting to hang himself while in his jail cell at the SMPD.

30.     On that day, a representative of the SMPD, who identified himself as a commander with the Santa Maria Police Department, visited the hospital room, which was then occupied by Shane Horton and several family members.

31.     At that time, the SMPD representative admitted to the fault of the SMPD officers and promised that the family would be contacted by the Chief of Police within a day and that the City of Santa Maria would "make it right."

**G.     Shane Horton's Permanent Injuries and Damages**

32.     As a direct result of Defendants' failures, conduct and omissions, which are actionable under federal and state laws, Shane Horton has suffered severe, permanent and seriously debilitating brain injuries and sustained monetary damages, including general, special and consequential losses, in amounts to be proved at trial.

**VI.**

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**(42 U.S.C. Section 1983 – Violation of Civil Rights Against Defendants**

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**Andrew Brice, Marc Schneider, Eligio Lara, David Culver, Jeffrey Lopez**
**Does 1-10)**

33.     Plaintiffs reallege, and incorporate by reference, the allegations as set forth in the preceding paragraphs.

34.     Defendants Andrew Brice, Marc Schneider, Eligio Lara, David Culver, Jeffrey Lopez, and Does 1-10 were officers and/or custodians at the SMPD holding facility.  As such, Defendants were responsible with providing Shane Horton with medical and mental health care, treatment, and proper supervision and safeguard.

35.     Defendants engaged in conduct and omissions described herein in violation of 42 U.S.C. section 1983.

36.     Among other things, Defendants knew or should have known that Shane Horton was suicidal and depressed; that he required observation and safeguarding; that he required reasonable medical care, treatment and supervision; that his belt had to be taken from him to prevent a suicide attempt or to safeguard him from injuring himself; that absent medical care, treatment, housing, and suicide precautions that his condition would or would likely deteriorate; and/or that his medical and mental health condition required him to be monitored and supervised by medical care providers.

37.     Defendants had a special relationship with Shane Horton in that he was in their custody involuntarily, giving rise to a legal duty under the Eighth and/or Fourteenth of the United States Constitution to provide Shane Horton with proper medical care and supervision, including, but not limited to, conditions of confinement that would have prevented injury to Shane Horton while being detained at the SMPD.

38.     Defendants, acting under color of law in their individual and personal capacities, were deliberately indifferent to Shane Horton's rights, privileges, and immunities protected under the Eighth and/or Fourteenth

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Amendments of the United States Constitution, by, among other things, subjecting him to a delay in and/or denial of medical or mental health care and treatment for a serious but treatable medical and/or mental health condition, and by failing to supervise him and safeguard him from injury.

39.     As a direct result of the conduct and omissions of Defendants, Shane Horton has suffered and continues to suffer permanent bodily and physical injuries, emotional distress, pain and suffering, anguish, medical costs, loss of the enjoyment of life, general, special and consequential damages, and a deprivation of constitutional rights in an amount not yet ascertained but to be proven at the time of trial.

40.     As a direct result of Defendants' conduct and omissions, Plaintiffs have been compelled to engage attorneys to bring this action and render legal assistance to Plaintiff to vindicate the loss and impairment of Shane Horton's Constitutional rights.  Consequently, Plaintiffs seek payment by the Defendants of a reasonable sum for attorneys' fees, expert fees and costs pursuant to 42 U.S.C. section 1988.

## SECOND CLAIM FOR RELIEF

### (42 U.S.C. Section 1983 – Policy, Custom, or Practice Causing Violation of Civil Rights Against Defendants CITY and SMPD)

41.     Plaintiffs reallege, and incorporate by reference, the allegations as set forth in the preceding paragraphs.

42.     On or before December 29, 2013, Defendants CITY and SMPD were public entities and municipal corporations, duly organized and existing under and by virtue of the laws of the State of California.

43.     Defendants engaged in conduct and omissions described herein in violation of 42 U.S.C. section 1983.

44.     Among other things, Defendants, and each of them, had a duty to employ adequate policies and procedures in the screening, hiring, training, and

-9-
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

retention of officers and staff to provide proper training after hiring such officers and staff, and/or to take adequate steps to ensure that officers and staff were properly trained to monitor and safeguard detainees who presented the risk of a suicide attempt or injuring themselves.

45.     Defendants were deliberately indifferent to Shane Horton's rights, privileges, and immunities protected under the Eighth and/or Fourteenth Amendments of the United States Constitution

46.     As a direct result of the conduct and omissions of Defendants, Shane Horton has suffered and continues to suffer permanent bodily and physical injuries, emotional distress, pain and suffering, anguish, medical costs, loss of the enjoyment of life, general, special and consequential damages, and a deprivation of constitutional rights in an amount not yet ascertained but to be proven at the time of trial.

## THIRD CLAIM FOR RELIEF

### (Violation of California Government Code Section 845.6

### Against All Defendants)

47.     Plaintiffs reallege, and incorporate by reference, the allegations as set forth in the preceding paragraphs.

48.     Defendants, acting under color of state law, knew, or had reason to know, that Shane Horton was in need of immediate medical care, supervision and safeguarding and that he was suicidal and at risk of injuring himself, but failed to take reasonable action to summon such medical care in violation of Shane Horton's rights under California Government Code section 845.6.

49.     As a direct result of the conduct and omissions of Defendants, Shane Horton has suffered and continues to suffer permanent bodily and physical injuries, emotional distress, pain and suffering, anguish, medical costs, loss of the enjoyment of life, general, special and consequential damages, and a deprivation of constitutional rights in an amount not yet ascertained but to be proven at the

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

time of trial.

## FOURTH CLAIM FOR RELIEF

**(Negligence Against Defendants Andrew Brice, Marc Schneider, Eligio Lara, David Culver, Jeffrey Lopez and Does 1-10)**

50.     Plaintiffs reallege, and incorporate by reference, the allegations as set forth in the preceding paragraphs.

51.     Defendants Andrew Brice, Marc Schneider, Eligio Lara, David Culver, Jeffrey Lopez and Does 1-10 owed Shane Horton a duty of care, including, without limitation, as a result of the special relationship that existed between Shane Horton as a detainee and said Defendants as his jailers.

52.     Defendants knew, or should have known, that Shane Horton was afflicted with a mental illness or was suicidal or depressed, and that a substantial risk existed that Shane Horton would attempt to commit suicide or attempt to harm himself.

53.     Defendants, nonetheless, breached their duty of care to Shane Horton by failing to take reasonable action to prevent Shane Horton from attempting to commit suicide, to monitor Shane Horton or to provide care notwithstanding the fact that Defendants had been warned that Shane Horton was suicidal and recently been committed to a mental health care treatment facility.

54.     The acts and omissions of the individual Defendants described herein were done recklessly and with callous indifference to Shane Horton's rights.

55.     As a direct result of the conduct and omissions of Defendants, Shane Horton has suffered and continues to suffer permanent bodily and physical injuries, emotional distress, pain and suffering, anguish, medical costs, loss of the enjoyment of life, general, special and consequential damages, and a deprivation of constitutional rights in an amount not yet ascertained but to be proven at the time of trial.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

# VII.

## PRAYER

**WHEREFORE,** Plaintiffs pray for judgment against Defendants as follows:

1. For general and consequential damages in an amount to be proved at trial on all claims for relief;

2. For special damages to be ascertained according to proof and in an amount to be proved at trial on all claims for relief;

3. For reasonable attorney's fees, expert fees and costs pursuant to 42 U.S.C. section 1988 on the first and second claims for relief;

4. For punitive damages against the individual Defendants as permitted under applicable law on all claims for relief;

5. For costs of suit and other expenses incurred herein on all claims for relief; and

6. For such other and further relief as the Court may deem proper on all claims for relief.

Dated:   August 5, 2014                         MACK S. STATON
                                                JARED M. KATZ
                                                RAFAEL GONZALEZ
                                                **Mullen & Henzell LLP**


                                                By:  _Jared M. Katz_

Dated:   August 5, 2014                         LAW OFFICES OF JAMES S. MULLER


                                                By:  _James S. Muller_

                                                _____
                                                Attorneys for Shane Horton, by and
                                                through his guardian ad litem Yvonne
                                                Horton

G:\21502\0001\PLEAD\HN9053.DOCX

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1

## **DEMAND FOR JURY TRIAL**

Shane Horton, by his guardian ad litem Yvonne Horton, demands a jury trial on all issues pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1 of the United States District Court for the Central District of California.

Dated:   August 5, 2014                    MACK S. STATON
                                           JARED M. KATZ
                                           RAFAEL GONZALEZ
                                           **Mullen & Henzell LLP**

                                           By:  *Jared M. Katz*

Dated:   August 5, 2014                    JAMES S. MULLER

                                           By:  *James S. Muller*
                                           _____
                                           Attorneys for Shane Horton, by and
                                           through his guardian ad litem Yvonne
                                           Horton

G:\21502\0001\PLEAD\HN9053.DOCX

-13-
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Case Name*
**Case No.**