Bruce D. Praet, SBN 119430
FERGUSON, PRAET & SHERMAN
A Professional Corporation
1631 East 18th Street
Santa Ana, California 92705
(714) 953-5300 Telephone
(714) 953-1143 Facsimile
Bpraet@aol.com

Wendy L. Wilcox SBN 193644
Heather Mills SBN 190950
SKANE WILCOX LLP
1055 W. 7th St., Ste. 1700
Los Angeles, CA 90017
(213) 452-1200 telephone
(213) 452-1201 facsimile
wwilcox@skanewilcox.com
hmills@skanewilcox.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE HORTON, by his guardian ad litem, YVONNE HORTON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF SANTA MARIA; SANTA MARIA POLICE DEPARTMENT; MARC SCHNEIDER; ANDREW BRICE; JEFFREY LOPEZ; ELIGIO LARA; DAVID CULVER; and DOES 1-10, INCLUSIVE,,<br><br>　　　　Defendants. | No. 2:14-CV-06135 SJO PJWx<br><br>**DEFENDANTS' NOTICE OF MOTION AND LIMINE MOTION TO EXCLUDE SUBSEQUENT POLICY CHANGES AND OTHER POST-INCIDENT EVIDENCE**<br><br>**Motion in Limine No. 1 of 2**<br><br>PTC:　February 10, 2020<br>TIME:　9:00 a.m.<br>CTRM: 10-C<br><br>TRIAL: February 25, 2020<br>TIME:　9:00 a.m.<br>CTRM: 10-C |

**TO: PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 25, 2020, at 9:00 a.m., or as soon thereafter as counsel may be heard, Defendants will and hereby do move this

1

Court *in limine* for an order that all parties, the attorneys for all parties, and all witnesses who may be called in this trial be instructed on the following matters:

    1.    That Plaintiffs cannot introduce or present any testimony concerning, questioning upon, reference to, or any other form of evidence regarding any policy changes, subsequent training, independent review or remedial actions after December 29, 2012.

    2.    That Plaintiffs cannot introduce or present any testimony concerning, questioning upon, reference to, or any other form of evidence regarding any policy, practice or procedure providing officers with discretion whether to remove an inmates belt, etc.

    3.    That Plaintiffs cannot introduce or present any testimony or evidence concerning, questioning upon, reference to, or any other form of evidence regarding post-incident comments, critiques or analysis of the incident occurring on December 29, 2012.

Any comment or the attempted introduction of the above evidence will be improper and highly prejudicial to Defendants. Even if the Court sustained an objection to the evidence at trial and instructed the jury to disregard it, the evidence would be so prejudicial that Defendants could not receive a fair trial.

Accordingly, Defendants ask this Court for an order admonishing Plaintiffs, their counsel and witnesses not to attempt to introduce such evidence, in any form, and not to suggest, comment directly or indirectly on, or refer to the evidence in any way, before the jury without first obtaining the Court's permission.

The Court is further requested to direct Plaintiffs' counsel to caution, warn and instruct Plaintiffs' witnesses not to make any reference to such evidence and to follow the same order.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all exhibits, all the pleadings and papers on file herein, any evidence of which the Court takes judicial

notice of prior to or at the hearing of this matter, and on any oral or documentary evidence that may be presented at the hearing of this motion.

DATED: January 21, 2020

FERGUSON, PRAET & SHERMAN
A Professional Corporation

By: /s/ Bruce D. Praet
Bruce D. Praet,
Attorneys for Defendants

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. PREFATORY STATEMENT.

While the liberally construed federal rules of discovery may have required Defendants to testify about and produce a number of operative policies, policy changes, training materials and other evidence occurring subsequent to the date of this tragic incident which occurred on December 29, 2012, the admissibility of such materials at trial is governed by the Rules of Evidence.

Although some Santa Maria Police policies and training in existence at the time of this incident may or may not be relevant to the few remaining issues at trial, it is reasonably anticipated that Plaintiff will attempt to introduce subsequently issued policy changes, training materials and related testimony as evidence of standards and training which were not in place at the time. In particular, the operative 2012 version of SMPD Policy 901.8.2 provided that officers "should" remove belts, etc. from prisoners. However, during his deposition in February, 2015, then SMPD Police Chief Ralph Martin testified that he has since changed that policy to reflect "shall" remove belts, etc. Chief Martin also testified that post-incident, he had mesh installed on the cell door of the holding cell to further minimize the risk of suicide by hanging.

It is also important to note that this Court has already ruled as a matter of law that even the SMPD policy 901.8.2 in existence at the time of this incident (i.e. granting discretion to officers whether to remove belts) was <u>not</u> deliberately indifferent and cannot serve as any basis for liability. [See: Dkt. 46, p.11-13]. Despite this clear ruling from the Court, it is anticipated that Plaintiff will nonetheless attempt to introduce this policy as somehow serving as a basis for liability. Permitting Plaintiff to introduce or even argue or infer that such a policy was in place would undoubtedly be unduly prejudicial to Defendants and permit the jury to base their decision on evidence not relevant to any remaining claims. The SMPD policy addressing the removal of belts is simply not an issue.

///

1

It has also become apparent from Plaintiff's original opposition to summary judgment as well as subsequent comments by Plaintiff's counsel to the media that Plaintiff may intend to introduce or reference portions of an audit and recommendations made by the OIR Group commissioned by the City on May 6, 2014, to review the entire SMPD. Within this 2014 report are comments and recommendations related to jail procedures and training overall, including some references to this 2012 incident. While the City is to be commended for commissioning an outside audit of its police department, the hearsay observations and recommendations of the OIR Group are simply not relevant and consist of inadmissible subsequent remedial action.

Finally, Plaintiff has listed retired SMPD Commander Craig Ritz as a witness. Plaintiff took Commander Ritz' deposition on July 20, 2015, to explore (denied) suggestions that days after this incident, he purportedly apologized to Plaintiff's parents words to the effect that "*this* (incident) *should not have happened*" and "*that the City would make this right*". Not only does Commander Ritz deny such assertions, but such post-incident analysis or comments (assuming they were even made) are simply irrelevant and inadmissible to determine liability as to remaining issues. Adding to the difficulty of attempting to introduce such questionable evidence is the fact that Mr. Ritz has long since retired and is believed to be traveling across country in a motorhome. In the absence of his live testimony with appropriate cross-examination now narrowed to the issues substantially refined since his 2015 deposition, it would simply be impossible to present this inadmissible evidence by way of deposition.

## 2. EVIDENCE OF SUBSEQUENT REMEDIAL ACTION OR POLICY CHANGES IS INADMISSIBLE.

*Federal Rule of Evidence, Rule 407,* expressly provides that subsequent changes and remedial measures are inadmissible. As the court in *Luera v. Snyder, 599 F.Supp. 1459 (D.Col. 1984)* noted, this is particularly applicable with respect to post-incident policy changes and training implemented by police agencies:

> "Changes made in police department policies after the incident are not admissible because of the public policy of encouraging subsequent remedial measures. *FRE, Rule 407*. If Plaintiffs are permitted to use such potentially damning evidence, remedial measures which are to the benefit of the public at large might be foregone by defendants afraid of the prejudicial effect such evidence would have in lawsuits. *FRE, Rule 403; Ibid, p. 1463. [Cf. Maddox v. City of Los Angeles, 792 F2d 1408, 1417 (9th Cir. 1986)]*

If Plaintiff in the instant case is permitted to introduce or even reference subsequently issued versions of SMPD policy 901.8.2 pertaining to the removal of belts, shoelaces, etc. from inmates, it would be in direct conflict with the provisions of Rule 407 and the strong policy of prohibiting the introduction of such subsequent remedial measures. It would also be highly prejudicial to Defendants to introduce such subsequently issued training/policies so as to improperly suggest that these officers should/could have been held to a standard or training which did not exist at the time. *FRE, Rule 403; Hogan v. City of Easton, 2006 U.S. Dist. LEXIS 90235 (E.D. Pa. 2006)*.

Similarly, any reference to the subsequent 2014 findings or recommendations by the independently commissioned OIR Group would be inadmissible for the same reasons as well as hearsay. *FRE, Rule 802*.

With respect to any attempt by Plaintiff or any witness to introduce any purported, post-incident comments by retired Commander Ritz, this Court has expressly ordered that all witnesses shall be included on the Joint Witness List or be subject to exclusion. Moreover, any such alleged statements by him are undeniably inadmissible hearsay. *FRE, Rule 801*. Not only has Ritz denied such assertions, but to the extent Plaintiff may attempt to suggest that he did, any post-incident attempt to assure grieving parents must be construed as an inadmissible compromise. *FRE, Rule 408*. There is simply no evidence that Commander Ritz,

who was neither involved in this incident or its investigation and, who was not authorized to speak on behalf of the SMPD ever made any sort of admission and it would be misleading, confusing and highly prejudicial to permit Plaintiff to introduce such suggestions when Ritz will not be available to rebut such hearsay assertions. *FRE, Rule 403*.

### 3. CONCLUSION.

For the foregoing reasons, Defendants respectfully request that the Court issue an *in limine* order prohibiting Plaintiff from in any way mentioning or referencing any post-incident policies, audits, recommendations, comments, measures or training occurring after the date of this incident on December 29, 2012.

DATED: January 21, 2020  FERGUSON, PRAET & SHERMAN
A Professional Corporation

By: /s/ Bruce D. Praet
Bruce D. Praet, Attorneys for Defendants

4