**EXHIBIT "2"**

```
08/21/2007 17:31 FAX 8067836682     D.A. RANCHO      Fax 909-945-4035    Aug 26 2007 05:58pm P008/011
                                    THOMPSON                                              @009
```

Case 5:05-cv-00034-SGL-OP   Document 208   Filed 03/26/2007   Page 1 of 2



CLERK, U.S. DISTRICT COURT
MAR 28 2007
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION / BY DEPUTY

**PRIORITY SEND & ENTERED**

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.   EDCV 05-00034-SGL (OPx)                                    Date: March 26, 2007

Title:   MARIE CATHERINE OLIVAS, individually, and as the personal representative of
         RANDY PERCHEZ, JR., deceased, SALINA LLANAS and MORRIS ROCHA -v-
         CITY OF FONTANA, FONTANA POLICE DEPARTMENT, CHIEF OF POLICE
         LARRY CLARK, and DOES 1 to 10

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

         Jim Holmes                                Theresa Lanza
         Courtroom Deputy Clerk                    Court Reporter

ATTORNEYS PRESENT FOR PETITIONERS:           ATTORNEYS PRESENT FOR RESPONDENT:

Linda Martin,                                Vicki I. Sarmiento for Respondent Roger Clark
Laura L. Stephen,
J. Dimitrios,                                Christopher D. Whyte for City Fontana (Olivas
C. Rinos,                                    Case)
for Petitioners
                                             Dale K. Galipo (plaintiff's counsel in Grier case)

PROCEEDINGS:   ORDER TO SHOW CAUSE HEARING - IN THE MATTER OF RESPONDENT
               ROGER CLARK

An order to show cause hearing came on regularly in response to an Ex Parte Application
brought by Specially-Appearing Attorneys for City of Fontana and Police Officers of the City of
Fontana Police Department ("petitioners") seeking a finding that Roger Clark acted in contempt of
this Court for his alleged disclosure of certain confidential information, all in violation of this Court's
protective order of December 12, 2005.

The Court considered all papers submitted in this matter and heard the arguments of Ms.
Martin, counsel for petitioner, Ms. Sarmiento, counsel for respondent, Mr. Galipo, plaintiff's
counsel in the Grier case, and Mr. Clark.

MINUTES FORM 90                DOCKETED ON CM               Page 1        Initials of Deputy Clerk
CIVIL -- GEN                   MAR 28 2007

[ESTATE OF OLIVAS ...representative of RANDY PERCHEL, JR., deceased, ... LOZANO and MORRIS ROCHA v. CITY OF FONTANA, FONTANA POLICE DEPARTMENT, CHIEF OF POLICE LARRY CLARK, and DOES 1 to 10]

MINUTE ORDER of March 26, 2007

As set forth on the record, the Court finds that respondent, Roger Clark, negligently violated the Court's protective order of December 12, 2005, through the disclosure of confidential and privileged information during his deposition given in the state case entitled Grier v. City of Fontana (San Bernardino Superior Court, Case No. SCVSS 118856). However, the Court further finds that Mr. Clark's violation was not wilful or intentional; and that his conduct does not justify a finding of contempt.

Respondent, through his counsel, agreed to recuse himself as an expert witness in the Grier case.

The Court ORDERS that respondent pay the costs and fees associated with petitioner bringing and litigating the above-referenced ex parte application. Toward that end, counsel for petitioner shall submit a declaration setting forth an accounting of their reasonable fees and costs associated with bringing and litigating the above-reference ex parte application, as well as a proposed order, on or before April 2, 2007; counsel for respondent may file an objection to the reasonableness of petitioner's calculations on or before April 9, 2007.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS RAY KNOX; JERRY WAYNE KNOX; JEREMY EDWARD MOORE, individually and as successor-in-interest to VERONICA LYNN CANTER, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO, a municipal corporation; EDWARD CHRISTOPHER LOUCHREN, individually and in his capacity as a police officer for the CITY OF FRESNO; DOUGLAS EDWARD COX, individually and in his capacity as a police officer for the CITY OF FRESNO,<br><br>Defendants. | Case No. 1:14-cv-00799-EPG<br><br>**ORDER RE: DEFENDANTS' MOTION FOR CONTEMPT AND SANCTIONS AND OSC HEARING RE: CONTEMPT**<br><br>(Doc. 56) |

Pending before the Court is Defendants' Motion for an Order of Contempt and Request for Sanctions Against Roger Clark and Plaintiffs' Counsel for a Violation of a Protective Order. (Doc. 56). The Court reviewed Plaintiffs' Opposition (Doc. 78), as well as the Defendants' Reply. (Doc. 84).

\\\

\\\

1

1     The hearing on the motion was converted to an Order to Show Cause Hearing re: Contempt on May 27, 2016. (Doc. 87). Plaintiffs' counsel waived the right to an evidentiary hearing and submitted based on arguments made during the hearing and in the pleadings.

    "Civil contempt ... consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir.1993). A party asserting contempt for violation of a court order must establish that the accused party "'(1) [] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence.'" *Labor/Cnty. Strategy Ctr. v. Los Angeles Cnty. Metro. Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009) (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d at 695). "A contemnor in violation of a court order may avoid a finding of contempt only by a showing that it took all reasonable steps to comply with the order." *Kelly et al, v. Wengler et al.*, No. 13-35972, slip op. at 15, (9th Cir. May 23, 2016). A party may also be held liable for knowingly aiding and abetting another to violate a court order. *Institute of Cetacean Research v. Sea Shepherd Conservation Society*, 774 F. 3d 935, 945 (2014) citing *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14, 65 S. Ct. 478 (1945). Although there is no *per se* "good faith" exception, the Ninth Circuit has held that a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order. *Institute of Cetacean Research*, 774 F. 3d at 953; *In re Dual–Deck Video*, 10 F.3d at 695.

==For the reasons stated on the record, the Court holds Mr. Roger Clark and the law firm of Morrison Foerster, LLP in contempt for a violation of the protective order in *Enriquez v. City of Fresno*, USDC Case No. 1:10-cv-00581 AWI-BAM ("Enriquez Case") (Doc. 28). Because the Court finds that Roger Clark has willfully disobeyed a court order, and Morrison Foerster, LLP has aided and abetted his violation, this Court has authority to impose sanctions pursuant to its inherent authority.== Under its inherent powers, a court may impose sanctions where a party has

2

willfully disobeyed a court order. *See, Unigard Sec. Ins. Co. v. Lakewood Engineering & Manufacturing Corp.*, 982 F.2d 363, 368 (9th Cir.1992) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)); *Fink v. Gomez*, 239 F.3d 989, 993–94 (9th Cir. 2001). The Court has broad discretion to make discovery and evidentiary rulings as part of its inherent authority. *Unigard Sec. Ins. Co.* 982 F.2d at 368. Furthermore, a court may assess attorney's fees as a sanction for the "willful disobedience of a court order." *Chambers v. NASCO, Inc.*, 501 U.S. at 43.

Accordingly, Defendants' request for sanctions (Doc. 56) is granted IN PART as follows:

1) All matters admitted into evidence and information garnered from the Enriquez case, as well as the verdict in the Enriquez case, shall be excluded. Information and evidence that was produced in this case, but was not used in the Enriquez case, is permitted;

2) Mr. Clark will be permitted as an expert witness, however, he shall not testify regarding any of the cases or materials used in the Enriquez trial;

3) Morrison and Foerster and Roger Clark are both sanctioned in the amount of the reasonable attorney's fees to compensate Defendants for prosecuting this motion. Liability for payment will be joint and several. Defense counsel submitted a declaration on May 31, 2016 (Doc. 88), indicating that attorney's fees related to filing this motion was $6,956.00. Any opposition to the amount of attorney's fees requested shall be filed no later than June 8, 2016; and

4) The request for payment of costs and fees related to the taking of Mr. Clark's deposition is DENIED.

IT IS SO ORDERED.

Dated: **May 31, 2016**             /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE