_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 14-cv-06135-JLS-PJW                    Date: December 07, 2020
Title: Horton v. City of Santa Maria et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Melissa Kunig                                    N/A
   Deputy Clerk                                 Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

  Not Present                                    Not Present

**PROCEEDINGS:   RULINGS ON DEFENDANTS' MOTIONS IN LIMINE #1-#4;
                          FINAL PRETRIAL CONFERENCE**

On December 4, 2020, the Court heard oral argument on Defendants' Motions *in Limine* and held a Final Pretrial Conference.

## I.   MOTIONS IN LIMINE

The Court ruled as follows on Defendants' Motions in Limine:

**Defendants' Motion *in Limine* #1 to Exclude Subsequent Policy Changes and Other Post-Incidence Evidence**

The Court GRANTED Defendants' Motion *in Limine* #1 to preclude Plaintiff from introducing evidence about any policy changes, subsequent training, independent review or remedial actions after December 29, 2012.  The Court DENIED the Motion to the extent it also (a) sought to preclude evidence about any policy, practice or procedure in place on December 29, 2012, including SMPD policy 901.8.2, and (b) sought to preclude evidence regarding post-incident comments, critiques or analysis of the incident that occurred, or policies that were in place on December 29, 2012, including the OIR Group audit results and recommendations.

As noted at the hearing, the Court declined to preclude the latter two categories of evidence based on Defendants' relevance arguments.  This ruling is without prejudice to evidentiary objections at trial or to a future request for a limiting instruction to the jury.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 14-cv-06135-JLS-PJW                    Date: December 07, 2020
Title: Horton v. City of Santa Maria et al.

_____

**<u>Defendants' Motion <i>in Limine</i> #2 to Exclude Evidence of Title 15 or Other</u>**
**<u>Standards</u>**

    The Court DENIED Defendants' Motion *in Limine* #2 to the extent it sought to
preclude Plaintiff from introducing SMPD policy 901.8.2.

    The Motion also seeks to preclude evidence of Title 15 of the California Code of
Regulations.  Two subparts of Title 15 are relevant here: Section 1024 and Section 1052.

    The parties do not disagree that Judge Otero, who presided over this matter before
it was transferred to this Court, precluded Plaintiff from relying on Section 1024 of Title
15 in his summary judgment decision.  To the extent this Motion seeks confirmation of
that, the Court GRANTS the Motion.

    However, the parties dispute the admissibility of evidence relating to Section
1052.  At the hearing, the Court tentatively DENIED this portion of the Motion.  On
further review, the Court confirms its tentative ruling.

    Section 1052 provides that "[t]he facility administrator . . . shall develop written
policies and procedures to identify and evaluate all mentally disordered inmates."  15
Cal. Code Regs. § 1052.  Plaintiff argues that this provision is not to be limited to specific
facility types; that it is a mandate to administrators of detention systems in the broader
sense; and that it applies to administration of the temporary holding facility where
Plaintiff was detained at the time he attempted suicide.  The Court agrees.  Section 1052
is a directive to the "facility administrator"; Title 15 defines a "facility/system
administrator" as the official in charge of "a local detention facility/system,"; a "local
detention system" is in turn broadly defined as "any city . . . jail, camp, court holding
facility, or other correctional facility, whether publicly or privately operated, used for
confinement of adults or of both adults and minors."  15 Cal. Code Regs. § 1006.

    Defendants' cherry-picking of other provisions of Title 15 in support of a narrower
reading is unavailing.  Specifically, Defendants point out that Section 1052 is contained
within Article 5, and that Section 1050(a), which is the first section under that Article,
mandates "[e]ach administrator of a temporary holding, Type I, II, or III facility" to
develop a plan to segregate detainees based on certain criteria.  Defendants argue that this
language should be read to narrow the meaning of "facility administrator" in Section
1052 as well.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 14-cv-06135-JLS-PJW                    Date: December 07, 2020
Title: Horton v. City of Santa Maria et al.

But Defendants' reliance on Section 1050(a)'s opening sentence as a definitional provision for all of Article 5 is misguided. Section 1052 requires policies and procedures separate and apart from the classification plan mandated by Section 1050(a). Moreover, Section 1050(a) does not refer to administrators of temporary holding, Type I, II, or III facilities in an undifferentiated sense. Rather, it sets out different mandates for administrators based on facility type. Subsection 1050(b) then specifically addresses court holding facilities. In short, it is abundantly clear that when the legislature chose to do so, it was more than capable of narrowing Article 5's requirements to administrators of specific facility types; therefore, its general reference to "facility administrator" in Section 1052 must be construed as deliberately broad. This interpretation is also consistent with Judge Otero's interpretation at summary judgment.

Accordingly, the Court DENIES the Motion to the extent it seeks to preclude Plaintiff from referencing Section 1052.

**Defendants' Motion *in Limine* #3 to Exclude Testimony of Plaintiff's Expert Robert Clark**

The Court GRANTED Defendants' Motion *in Limine* #3 to exclude the testimony of Plaintiff's expert Robert Clark the extent the Motion was directed at precluding Plaintiff from introducing evidence about the Ninth Circuit opinion in this matter and from referencing California Code of Regulations Title 24. The Court otherwise DENIED this Motion, which requested the Court to limit or exclude Mr. Clark's testimony more generally.

**Defendants' Motion *in Limine* #4 to Exclude Testimony of Plaintiff's Expert James R. Marikangas**

For the reasons stated on the record, the Court GRANTED Defendants' Motion *in Limine* #4 to preclude Plaintiff's expert, Dr. James R. Marikangas, from testifying that Plaintiff's suicide attempt was a "preventable tragedy" and from offering opinion on police practices that are likely to prevent suicides.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 14-cv-06135-JLS-PJW                      Date: December 07, 2020
Title: Horton v. City of Santa Maria et al.

## II.     FINAL PRETRIAL CONFERENCE

The Court also conferred with counsel regarding trial length estimate, jury selection, and other pretrial matters as stated on the record.

The Court ruled as follows:

1. The Court GRANTED Defendants' request for bifurcation of liability and damages at trial for the reasons stated on the record;

2. The Court ORDERED the parties to meet and confer and submit proposed trial dates to the Court, aiming for available dates about 180 days out from the Final Pretrial Conference. The parties shall lodge their proposed trial dates on the docket within **thirty (30) days**;

3. The Court ORDERED the parties to meet and confer regarding the disputed scope of the claims at issue (*see* Doc. 129 at 2-6) and to file a revised summary of claims and affirmative defenses, identifying the points of dispute that need to be resolved by the Court, within **thirty (30) days;**

4. The Court further ORDERED the parties to file certain pretrial documents in accordance with the Court's Civil Trial Order (Doc. 110). Specifically, the parties are to file, within **thirty (30) days**, Jury Instructions, Special Verdict Forms, Voir Dire questions, and their Statement of the Case in the manner described by the Court on the record and further detailed in the Court's Civil Trial Order.

The Court will issue a Final Pretrial Conference Order once it is in receipt of the filings ordered above.


## III.    MEDIATION

The Court further ORDERS the parties to attend a mediation session before the Honorable John D. Early. The parties are ordered to contact Judge Early's courtroom deputy clerk within fourteen (14) days of this Order to schedule a date. No later than five (5) days after the mediation session, the parties shall file a joint status report, updating the Court on the status of settlement in this matter without divulging the content of any discussions.

Initials Deputy Clerk:  mku